EXHIBIT #1 (GROUND ONE: SUPPORTING FACTS)

1) THE SUPREME COURT GRANTED CERTIORARI IN NELSON V. COLORADO ON 9-29-16. SUCH GRANT OF CERTIORARI PUT THE WORLD ON NOTICE OF THE PENDENCY OF A LIKELY RECONSIDERATION OF THE RULE OF UNITED STATES V. WATTS, 519 U.S. 148 (1997 (PER CURIAM)), PERMITTING FEDERAL CRIMINAL DEFENDANTS TO BE PUNISHED FOR ACQUITTED, DISMISSED, OR UNCHARGED CONDUCT.

2) NELSON WAS ARGUED 1-19-97, AND DECIDED ON 4-19-17, EACH TIME PROVIDING FAIR NOTICE TO PRACTITIONERS OF APPELLATE LAW, THAT THEY SHOULD WELL PRESERVE ANY CLAIMS OF LEGAL ERROR, CONCERNING THE USE OF ACQUITTED, DISMISSED, OR UNCHARGED CONDUCT AGAINST CRIMINAL DEFENDANTS, AND THAT THEY SHOULD POSITION THEIR CLIENT WITH A "PIPELINE" PETITION FOR CERTIORARI IF THE NEED SHOULD ARISE.

3) PETITIONER'S TRIAL COUNSEL ABLY PRESERVED THE NELSON ISSUES FOR APPEAL. SHE THE PSR AND THE ADDENDUM TO PSR WHICH SHOWS THAT THE PROBATION OFFICER FULLY UNDERSTOOD BUT ERRONEOUSLY REJECTED PETITIONER'S NELSON OBJECTIONS.

EXHIBIT #1 (GROUND ONE: SUPPORTING FACTS)

4) APPELLATE COUNSEL FOR PETITIONER THUS HAD A FAIR CHANCE TO RAISE AND ARGUE NELSON ISSUES IN THE OPENING BRIEF OR THEREAFTER.

5) PETITIONER IN FACT REQUESTED THAT ISSUES BE BRIEFED, DESPITE HIS LIMITED KNOWLEDGE DUE TO INCARCERATION.

6) WATTS WAS A PER CURIAM (BY THE COURT) OPINION, A PROCEDURE GENERALLY RESERVED FOR NON-CONTROVERSIAL AND UNANIMOUS DECISIONS, WHEREAS SAID CASE AND CONTROVERSY ACTUALLY GENERATED TWO (2) CONCURRENCES AND TWO (2) DISSENTS. THUS THE SUBJECT MATTER AND THE DECISION CLEARLY DID NOT CONSTITUTE A MATTER OF NON-CONTROVERSIAL LAW OR UNANIMOUS AGREEMENT.

7) IN FACT, IN THE INTERVENING YEARS, THE RULE OF WATTS HAS DEGENERATED INTO A VIRTUALLY CARTE BLANCHE FOR THE GOVERNMENT AND US PROBATION OFFICERS TO SIMPLY DISAGREE WITH THE JURY, OFTEN WITH NO ADDITIONAL EVIDENCE

8) IN ADDITION, CRIMINAL DEFENDANTS ARE DENIED

EXHIBIT #1 (GROUND ONE: SUPPORTING FACTS)

8)) THE STANDARD TOOLS OF CIVIL CASES, IN WHICH "PREPONDERANCE OF THE EVIDENCE" IS A COMMON BURDEN OF PROOF, SUCH AS DEPOSITIONS, REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, AND REQUESTS FOR ADMISSION. EVEN WHEN THE CASE INVOLVES A CONCOMITANT CIVIL CASE, FOR EXAMPLE BY THE SECURITIES AND EXCHANGE COMMISSION (SEC), THE GOVERNMENT TROTS OUT A CIVIL CASE, THEN ~~APPLIES~~ ASKS THE COURT TO STAY THE CIVIL CASE, IN ORDER TO OBSTRUCT JUSTICE AND INTERFERE WITH THE DEFENDANT'S EFFORTS TO PRESENT THE TRUTH TO THE COURT.

9) THUS, THE AVERAGE DEFENDANT IS FORCE TO DEFEND AGAINST AN AMORPHOUS AND SHIFTING STANDARD, WITH A DE FACTO PRESUMPTION OF GUILT AGAINST HIM, WITH NO CONSTITUTIONALLY SUFFICIENT MEANS OF PRESENTING HIS SIDE OF THE STORY TO THE COURT.

10) SUMMARIES AND SYNOPSES OF RELEVANT DECISIONS AT THE U.S. SUPREME COURT, AND AT OTHER COURTS, ARE AVAILABLE TO THE PRACTITIONERS OF VARIOUS SPECIALTIES INCLUDING

EXHIBIT #1 (GROUND ONE: SUPPORTING FACTS)

10)) BUT LIMITED TO CRIMINAL LAW AND PROCEDURE, VIA COMMERCIAL INFORMATION SERVICES. ANY REASONABLY CAREFUL LEGAL PRACTITIONER, SEEING AN ACTUAL OR REASONABLY LIKELY UPCOMING CHANGE OF LAW AT THE U.S. SUPREME COURT REASONABLY OR PROBABLY AFFECTING THE LIBERTY OR PROPERTY INTERESTS OF ONE OF HIS CLIENTS, WOULD AT LEAST FULLY INFORM THIS CLIENT, AND PERMIT THE CLIENT TO SET UP A "PIPELINE CASE" SO AS TO DERIVE BENEFIT FROM THE COURTS RULING.

11) PETITIONER'S APPELLATE COUNSEL FAILED TO INFORM PETITIONER OF RECENT LEGAL DEVELOPMENTS RELEVANT TO THE NELSON GRANT OF CERTIORARI AND FAVORABLE OPINION.

12) ALL PARTIES CONCEDED THAT THE PETITIONER WOULD HAVE A RANGE OF 15-21 MONTHS, BUT FOR THE USE OF ACQUITTED CONDUCT AGAINST THE PETITIONER.

13) THE USE OF ACQUITTED CONDUCT, FOR ANY REASON OTHER TO PRESUME INNOCENCE, AND REFRAIN FROM ANY PUNISHMENT WHATSOEVER, CONSTITUTES A VIOLATION OF THE CONSTITUTIONAL RIGHT TO JURY TRIAL AT LEAST SINCE THE RENDITION

13)) OF THE SUPREME COURT'S OPINION IN NELSON.

14) ON INFORMATION AND BELIEF, THE HONORABLE SITTING US DISTRICT JUDGE AT THE TIME OF SENTENCING WOULD HAVE RESPECTED THE DECISION OF THE U.S. SUPREME COURT, HAD NELSON BEEN DECIDED AT SENTENCING, AND BROUGHT TO THE ATTENTION OF SAID COURT.

15) ON INFORMATION AND BELIEF, ANY SITTING JUDGE ON RESENTENCING (WHETHER THE JUDGE WHO PRESIDED AT TRIAL OR ANOTHER JUDGE) WOULD NOT MAKE AN ATTEMPT TO MAKE AN "END RUN" AROUND THE TEACHINGS OF NELSON, THROUGH SUCH DEVICES AS A "VARIANCE" OR AN "UPWARD DEPARTURE" SO AS TO PUNISH PETITIONER FOR SEVERELY THAN THE US CONSTITUTION PERMITS.

16) FURTHERMORE ON INFORMATION AND BELIEF ANY JUDGE WOULD GIVE PETITIONER FAIR AND REASONABLE ADVANCE NOTICE OF INTENT TO DEPART OR VARY UPWARD, AND THE SPECIFIC REASONS THEREFORE, IN ADEQUATE AND SUFFICIENT TIME, SO THAT THE PETITIONER COULD ATTACK THE FACTS AS WELL AS THE LEGAL FOUNDATIONS

EXHIBT #1 (GROUND ONE: SUPPORTING FACTS)

16)) OF SUCH POSSIBLE OUTCOMES, SO THE PETITIONER COULD ARGE 28 USC 994(G) REGARDING OVERCROWDING IN FEDERAL PRISONS, SHELLING OUT THE TEETH OF POOR, MOSTLY MINORITY INMATES, DUE TO LACK OF DENTAL CARE, AND CAUSING NEEDLESS DEATH AND SERIOUS PERMANET PHYSICAL INJURY DUE THE LACK OF SUFFICIENT RESOURCES ACTUALLY DEPLOYED TO PROVIDE ADEQUATE AND PROPER MEDICAL AND DENTAL CARE TO INMATES ALREADY IN THE CUSTODY OF THE DOJ-FBOP, ETC.

17) PETITIONER HAD EVERYTHING TO GAIN AND NOTHING TO LOSE BY BRIEFING THE 11TH CIRCUIT ON THE PETITIONER'S NELSON CLAIMS.

18) PETITIONER'S APPELLATE COUNSEL FILED A BRIEF RAISING THE ISSUE OF SENTENCING BY A JUDGE WHO DID NOT PRESIDE AT TRIAL.

19) PETITIONER'S APPELLATE COUNSEL DID NOT SET FORCE IN THE TABLE OF CONTENTS A DESCRIPTION OF PETITIONER'S SOLE BRIEFED POINT ON APPEAL.