EXHIBIT #2 (GROUND TWO: SUPPORTING FACTS)

1) THE AUSA SECURED A "SUPERSEDING INDICTMENT", (DOCKET #70) COUNT 50 OF WHICH IT IS ALLEGED THAT PETITIONER POSSESSED TWO (2) SPECIFIED FIREARMS ON OR ABOUT OCTOBER 8, 2014, AND AT THE SAME TIME SOLD CONTROLLED SUBSTANCES.

2) THE AUSA KNEW FULL WELL, AT THE TIME, THAT THE VIDEOGRAPHIC EVIDENCE CONTRADICTED BOTH THE CLAIMS OF DRUG DEALING AND POSSESSION OF A FIREARM, ON THE DATE STATED.

3) THE AUSA KNEW THAT THE GOVERNMENT WAS NOT IN POSSESSION OF ANY EVIDENCE WOULD BE SUFFICIENT TO CONVICT THE PETITIONER OF THE CHARGE IN COUNT 50 OF THE INDICTMENT, YET LIED AND PREVARICATED TO PETITIONER'S COUNSEL, TO EVADE HER BRADY RESPONSIBILITIES.

4) ON INFORMATION AND BELIEF THE AUSA PRESENTED, KNOWINGLY AND WILLFULLY, PERJURED TESTIMONY, IN ORDER TO GET A SUPERSEDING INDICTMENT CONTAINING MATERIALLY FALSE AND FRAUDULENT ACCUSATIONS.

EXHIBIT #2 (GROUND TWO: SUPPORTING FACTS)

5) THE AUSA, KNOWING FULL WELL THE EXCULPATORY VALUE OF THE SURREPTITIOUS VIDEO TAKEN OF THE AFORESAID DAY, AND THE ORDERS OF THE JUDGE, REFUSED TO TURN OVER THE SAID EVIDENCE TO THE PETITIONER, TO ALLOW THE PETITIONER TO FILE APPROPRIATE PLEADINGS, AND IF NECESSARY PREPARE FOR TRIAL.

6) PETITIONER CAN NOT BE ABSOLUTELY SURE OF PERJURY, SINCE THE INDICTMENT WAS NOT RETURNED IN OPEN COURT AS REQUIRED BY RULE 6(F) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE. THE PETITIONER CAN NOT BE SURE THAT THE AUSA DID NOT SIMPLY "PHONY UP" A BOGUS INDICTMENT CONTAINING FALSE AND MALICIOUS CHARGES, TO INCLUDE COUNT 50, WHICH WAS NEVER CONSIDERED OR APPROVED BY A MAJORITY VOTE OF THE GRAND JURY.

7) THE AUSA, THROUGH DECEIT AND SLEIGHT OF HAND, WHEN THE FRAUDULENT SCHEME BEGAN TO FALL APART, AND THE HONORABLE DISTRICT JUDGE BEGAN TO GRANT JUDGEMENT AS A MATTER OF LAW, AS TO MULTIPLE COUNTS, DECEITFULLY ARGUED A POSSESSION OF A FIREARM IN AN

EXHIBIT #2 (GROUND TWO: SUPPORTING FACTS)

7)) ALTOGETHER DIFFERENT MONTH THAT THIS OTHER ALLEGED POSSESSION OF A FIREARM WAS "ON OR ABOUT OCTOBER 8, 2014," (WITHIN THE MEANING OF APPLICABLE FEDERAL LAW) AS SET FORTH IN THE PUTATIVE GRAND JURY INDICTMENT.

8) SUCH ARGUMENT WAS A TACIT ADMISSION THAT THE PETITIONER DID NOT POSSESS A FIREARM ON OR ABOUT THE DAY ALLEGED IN THE INDICTMENT, AND THUS WAS NOT GUILTY OF THE OFFENCE CHARGED IN THE INDICTMENT.

9) THIS "BAIT AND SWITCH" TACTIC DEPRIVED THE PETITIONER OF FAIR NOTICE AND OPPORTUNITY TO PREPARE HIS CASE TO DEFEND AT TRIAL, FOR THE ACTUAL FACTS WITH RESPECT TO WHICH PETITIONER WAS CONVICTED.

10) NOTHING HEREIN SHOULD BE CONSTRUED AS A CONCESSION THAT THE PETITIONER WAS ACTUALLY GUILTY OF POSSESSION OF A FIREARM AT SOME TIME OTHER THAN THE TIME ALLEGED IN THE INDICTMENT.

11) PETITIONER HAS A RIGHT TO A GRAND JURY INDICTMENT

EXHIBT #2 (GROUND TWO: SUPPORTING FACTS)

11))) FOR ALL OF THE SALUTARY REASONS THAT CAUSED THE DRAFTERS OF THE CONSTITUTION TO INCLUDE THAT PROTECTION IN THE 5TH AMENDMENT.

12) ALL OF THE FOREGOING ACTS AND OMISSIONS DEPRIVED PETITIONER OF HIS DUE PROCESS RIGHT TO BE FREE FROM A PROCEEDING IN WHICH KNOWING AND WILLFUL PERJURY AND FRAUD IS USED TO CONVICT THE CITIZEN AND DEPRIVE HIM OF HIS LIBERTY.

13) ALL OF THE FOREGOING FURTHER DEPRIVED THE PETITIONER OF HIS 5TH AMENDMENT RIGHT TO GRAND JURY INDICTMENT AS WELL AS HIS RIGHT TO A FAIR AND SPEEDY TRIAL AS REQUIRED BY THE 6TH AMENDMENT.