EXHIBT #3 (GROUND THREE: SUPPORTING FACTS)

1) THE CITIZEN IS ENTITLED TO PRESUME THE GOOD FAITH OF PUBLIC OFFICERS AND EMPLOYEES.

2) PETITIONER WAS NOT, AT THE TIME OF THE ORIGINAL OR SUPERSEDING INDICTMENT AWARE OF HIS RIGHTS AND THE PROPER METHODS OF ENFORCING THOSE RIGHTS.

3) AS MAY BE SEEN BY THE OTHER ALLEGATIONS OF FACT, INCORPERATED HEREIN BY REFERENCE AS SET FORTH WORD FOR WORD, THE AUSA CAREFULLY CONCEALED THE GOVERNMENTS SCHEMES UNTIL THE END.

4) THE FAILURE TO RETURN AND INDICTMENT IN OPEN COURT, WHERE THE GOVERNMENT KNEW FULL WELL THAT NO COMPETENT EVIDENCE OF THE COUNT OF INDICTMENT <u>ACTUALLY EXISTED</u>, AND WHERE THE GOVERNMENT FAILED AND REFUSED TO TURN OVER EXCULPATORY EVIDENCE, INDICATES THAT THE AUSA COMMITTED A FRAUD ON THE COURT, AND THE PRECISE NATURE OF THAT FRAUD SHOULD BE UNCOVERED FOR THE BENEFIT OF THE PETITIONER HEREIN, THE COURT, AND THE TAXPAYING PUBLIC THAT PAYS THE BILLS.

EXHIBIT #3 (GROUND THREE: SUPPORTING FACTS)

5) AT A BARE MINIMUM, WHERE THE GOVERNMENT IS NOT IN POSSESSION OF COMPETENT EVIDENCE OF A SPECIFIC CRIMINAL OFFENSE, THERE IS NO LEGITIMATE MEANS WHEREBY SUCH AN INDICTMENT COULD BE PROCURED.

6) IN THIS CASE, WHERE THE AUSA PROCURED AN INDICTMENT AND FAILED TO CAUSE THE RETURN OF THE INDICTMENT IN OPEN COURT, THE PETITIONER HAS SHOWN CAUSE FOR THE COURT TO ORDER THE PRODUCTION OF THE GRAND JURY TRANSCRIPTS, AND OTHER RELEVANT EVIDENCE, TO DETERMINE WHAT SPECIFIC UNLAWFUL ACTS CAN ACCOUNT FOR AN INDICTMENT.

7) ABSENT STRICT PROOF IN OPEN COURT TO THE EFFECT THAT A MAJORITY OF THE GRAND JURORS VOTED SPECIFICALLY TO INDICT PETITIONER IN COUNT 50, NO SUCH INDICTMENT EXISTS, AND THE COURT SHOULD SO PRESUME AND RULE. IN SUCH A CASE THE PETITIONER CAN NOT BE CONVICTED OR PUNISHED, IN ANY MATTER WHATSOEVER, ON THE BASIS OF COUNT 50