IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AARON KEITH REYNOLDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17-CV-651-AKK-WC |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Aaron Keith Reynolds is before the court with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  CIV Doc. 1.[1]  For the reasons below, the court finds Reynolds's § 2255 motion should be denied without an evidentiary hearing and dismissed with prejudice.

## I.   INTRODUCTION

On June 22, 2016, a jury found Reynolds guilty of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2]  After a sentencing hearing on

---

[1] References to document numbers assigned by the Clerk are designated as "CIV Doc."  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] Reynolds was indicted with eight others on charges related to the operation of an open-air drug market in Montgomery County, Alabama.  Count One of the indictment charged Reynolds and his alleged coconspirators with conspiring to distribute powder cocaine, cocaine base, and marijuana. The indictment also charged Reynolds with four counts of drug distribution; one count of possessing a firearm as a convicted felon; one count of possessing a firearm in furtherance of a drug trafficking crime; and one count of maintaining a drug facility.  Following the presentation of evidence, the district court granted Reynolds's motion for judgment of acquittal on two of the

September 23, 2016, the district court sentenced Reynolds to 48 months in prison.  Final judgment was entered on October 3, 2016.  Reynolds appealed,[3] and on June 20, 2017, the Eleventh Circuit affirmed his conviction and sentence.  *See United States v. Reynolds*, 690 F. App'x 651 (11th Cir. 2017).

On September 22, 2017, Reynolds, acting *pro se*, filed this § 2255 motion asserting the following claims:

1.   Trial counsel was ineffective for (a) failing to impeach Government witness Tesha Taylor and (b) failing to call witnesses willing to testify in his defense.

2.   Appellate counsel rendered ineffective assistance by raising only one claim.

3.   The presentence investigation report contained information that "the prosecution would not produce and was not charged in the indictment that [was] exculpatory."

4.   The prosecution engaged in misconduct by (a) making false charges, (b) withholding exculpatory evidence, and (c) withholding a witness.

CIV Doc. 1 at 4–9.[4]

On November 29, 2018, Reynolds filed an amendment to his § 2255 motion asserting the following claims:

---

drug-distribution counts.  The jury returned not-guilty verdicts on all remaining counts except the count for possessing a firearm as a convicted felon.

[3] On appeal, Reynolds argued that, under Fed.R.Crim.P. 25, it was error for his trial judge to reassign the case to a different judge for sentencing.

[4] Reynolds also claims he was denied access to his legal papers and to the prison law library between July 9, 2017, and August 23, 2017.  CIV Doc. 1 at 8.  However, this is not a basis for relief under § 2255, and, in any event, Reynolds does not show how he was prejudiced—for instance, in his ability to file a timely § 2255 motion—in this regard.

1.  Appellate counsel was ineffective for failing to present a claim under *Nelson v. Colorado*, 137 S. Ct. 1249 (2018).

2.  The prosecution engaged in misconduct by (a) "knowingly and willfully" presenting perjured testimony to the grand jury, (b) obstructing justice, and (c) coercing a potential defense witness into refusing to testify.

3.  His indictment was invalid because it was "not returned in open court."

CIV Doc. 8 at 4–8; CIV Docs. 8-1 through 8-4.

## II.   DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.    Claims of Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance."  *Id*.  (internal quotation marks and brackets omitted).  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one."  *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)

4

("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish . . . that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1. Ineffective Assistance of Trial Counsel

Reynolds claims his trial counsel, Russell T. Duraski, rendered ineffective assistance by (a) failing to impeach Government witness Tesha Taylor and (b) failing to call witnesses willing to testify in his defense. *See* CIV Doc. 1 at 4. Reynolds presents few facts and no argument to support this claim, and he does not identify a specific witness Duraski should have called to testify. *See id.*

In an affidavit addressing this claim, Duraski states:

3. The Defendant alleges in his petition that counsel was ineffective for failing to impeach a [Government] witness [Tesha Taylor] and for failing to call certain defense witnesses.

4. The undersigned would show to the Court that the Defendant was charged in a multi-count indictment with several different charges totaling around 15 various counts. The Defendant was charged with conspiring with around 10–11 other defendants to distribute cocaine, crack cocaine, and marijuana. He was also charged with substantive counts of distribution, possessing a firearm in furtherance of a drug crime, maintaining a residence for the purpose of distributing drugs, and with felon in possession of a weapon.

5. At the close of the government's case, about half of the government's case was dismissed by the Court in granting the undersigned's Motions for Judgment of Acquittal, then the jury acquitted the Defendant on every other count except being a felon in possession of a weapon.

6. The evidence as to the weapon was impossible to refute. The Defendant is, in fact, a felon and the weapon was located in his residence when a lawful search warrant was executed.

7. The witness the Defendant mentions in his petition [i.e., Taylor] testified that she owned the gun and that she had given it to [Reynolds] for safekeeping. Frankly, we wanted to use her testimony to show that the gun was not in the house due to any drug crimes, but simply because someone else put it there. Her testimony was not something that we could impeach, so we decided to use it to our advantage. Obviously, this strategy worked in regard to the other firearms charge. Again, there was really no way around the fact that [Reynolds] was a felon and that the gun was in his house when the warrant was executed. Counsel denies he was ineffective in this regard.

8. As for the witnesses [Reynolds] wanted us to call, counsel shows as follows. I interviewed everyone with whom [Reynolds] asked me to talk. Some of those witnesses were unable to help him, some others were unwilling. None of them could offer testimony that would assist in the charges related to the gun. They either knew nothing about it or simply confirmed its presence.

CIV Doc. 3 at 1–3.

a. Failure to impeach Taylor

Duraski's affidavit reflects that he tactically used the testimony by Government's witness Tesha Taylor to establish that the gun's presence in Reynolds's residence was not associated with drug activity. *See* CIV Doc. 3 at 2–3. As Duraski avers, this tactic appears to have succeeded, because Reynolds was acquitted on the charge of possessing a firearm in furtherance of a drug trafficking crime. Tactical choices by defense counsel will be held ineffective only if they are so patently unreasonable that no competent lawyer would have chosen them. *See Adams v. Wainwright*, 709 F.2d 1443, 1145 (11th Cir. 1983). It was not unreasonable for Duraski to forgo impeachment of Taylor and instead to seek to use Taylor's testimony to show that the gun in Reynolds's residence was not there to further any drug activity. Reynolds does not even indicate how Duraski might have impeached Taylor's testimony. Conclusory or unsupported allegations cannot support an ineffective assistance of counsel claim. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Demonstrating neither deficient performance nor prejudice, Reynolds is entitled to no relief on this claim of ineffective assistance of counsel.

b. Failure to call favorable witnesses

Regarding Reynolds's allegation that Duraski was ineffective for failing to call witnesses to testify in his defense, Duraski's affidavit reflects that he spoke with any witnesses suggested to him by Reynolds and that each witness either did not help, or had the potential to actively hurt, Reynolds's defense. *See* CIV Doc. 3 at 2–3. It was not unreasonable for Duraski to eschew the presentation of testimony from such witnesses.

Moreover, complaints about uncalled witnesses are disfavored. *Sanders v. United States,* 314 F. App'x 212, 213 (11th Cir. 2008). "This is especially true because allegations of what a witness would have testified are largely speculative. Speculation about what witnesses could have said is not enough to establish the prejudice prong of *Strickland*." *Jones v. McNeil*, WL 1758740, at *6 (S.D. Fla. 2009). "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).

Here, Reynolds offers no testimony or affidavits from any uncalled witnesses averring that, as Reynolds claims, the witnesses would testify and provide testimony favorable to Reynolds. Nor does Reynolds indicate what in particular these witnesses would have testified to. Because he fails to establish that any favorable testimony from uncalled witness would have been forthcoming, Reynolds cannot demonstrate prejudice. Proving neither deficient performance nor prejudice, Reynolds is entitled to no relief on this claim of ineffective assistance of counsel.

### 2. *Ineffective Assistance of Appellate Counsel*

In his § 2255 motion, Reynolds claims his appellate counsel, Paul R. Cooper, rendered ineffective assistance by raising only one claim on appeal. CIV Doc. 1 at 4. In an amendment filed on November 29, 2018, Reynolds claims Cooper was ineffective for failing to present a claim under *Nelson v. Colorado*, 137 S. Ct. 1249 (2018). CIV Doc. 8 at 4.

At the time of his sentencing, Reynolds's trial judge, District Judge Sharon L. Blackburn, was unavailable, so the judge transferred the case to a different judge, District Judge Abdul K. Kallon (the sentencing judge). In his appellate brief, Cooper argued that (1) the trial judge's decision to reassign Reynolds's case was improper under Fed. R. Crim. P. 25[5] and (2) the sentencing judge should have transferred the case back to the trial judge because the sentencing judge was not familiar with the trial record. *See* CIV Docs. 4-1 and 4-2. The Eleventh Circuit held there was no error in the trial judge's reassignment of the case or in the sentencing judge's presiding over Reynolds's sentencing. *See United States v. Reynolds*, 690 F. App'x 651 (11th Cir. 2017).

a. <u>Raising one claim on appeal</u>

Addressing Reynolds's present claim that he was ineffective for raising only one issue on appeal, Cooper states:

> Because of the complexity of the trial, and the sentencing transcript, I thought Judge [Sharon L.] Blackburn [the trial judge] was in a better position to sentence Reynolds since she heard all of the testimony and arguments of counsel at trial, and therefore it was an abuse of discretion under Rule 25 for [Judge] Blackburn not to sentence.
>
> 8. On December 6, 2016, I talked to Reynolds at the Montgomery Detention Facility and told him that I was only going to appeal this one issue because I thought it was the only issue and best one. He didn't object to this. He never complained to me about his trial attorney failing to impeach the testimony of Tesha Taylor, or failing to call witnesses that were ready to testify in his defense. I can't see how any witnesses would have affected the police officer's testimony that he found a firearm in Reynolds's apartment during a search conducted while Reynolds was detained at home. He never

---

[5] Under the Federal Rules of Criminal Procedure, "[a]fter a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability." Fed. R. Crim. P. 25(b)(1).

> complained to me about his trial counsel or the Government prosecutor. Tesha Taylor testified that she gave the gun to Reynolds. Even if Taylor was impeached, the gun was still seized on a couch in the living room of Reynolds's apartment while he was at home. And an FBI Agent at trial testified that Reynolds gave an oral statement in which he admitted that he knew the gun was there. So, in my considered judgment, there was no meritorious appeal issue on the felon in possession of a firearm conviction, and anything to do with impeaching Tesha Taylor and the failure to call witnesses.

CIV Doc. 4 at 5–6.

Reynolds has not shown that it was professionally unreasonable for Cooper to pursue only the Rule 25 issue on appeal. And he fails to set forth any other issues that Cooper should have presented on appeal or that were reasonably likely to succeed in an appeal. Reynolds's conclusory allegations here establish neither deficient performance by Cooper nor prejudice. Therefore, he is entitled to no relief on this claim of ineffective assistance of appellate counsel.

b. Failure to present claim under *Nelson v. Colorado*

In the amendment to his § 2255 motion, Reynolds claims Cooper was ineffective for failing to present a claim on appeal under *Nelson v. Colorado*, 137 S. Ct. 1249 (2018). *See* CIV Doc. 8 at 4; CIV Doc. 8-1.

First, this claim is time-barred under the one-year limitation period in 28 U.S.C. § 2255(f).[6] As a general rule, a § 2255 motion, and all claims for relief under § 2255, must

---

[6] The timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

be filed within a year of the date on which a petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. *See Kaufman v. United States*, 282 F.3d 1336, 1337–39 (11th Cir. 2002). Here, the Eleventh Circuit affirmed Reynolds's conviction on June 20, 2017, after which Reynolds had 90 days within which to petition the Supreme Court for certiorari review. *See* Supreme Court Rules 13.1 and 13.3. When those 90 days passed without the filing of a petition for certiorari, Reynolds's conviction became final, specifically, on September 18, 2017. *See Chavers v. Secretary, Florida Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). Thus, any motion or claim by Reynolds seeking relief under § 2255 must have been filed by September 18, 2018. Although Howard timely filed his § 2255 motion on September 22, 2017, he did not file his amendment to the § 2255 motion until November 29, 2018—over two months after expiration of the limitation period in § 2255(f)(1).

---

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the limitation period in certain circumstances has run.  Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed.R.Civ.P. 15(c)(2).  "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). However, "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts."  *Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

An untimely amendment to a § 2255 motion does not relate back to the original motion where it "seek[s] to add a new claim or to insert a new theory into the case." *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (emphasis omitted).  It is not sufficient for an untimely amendment merely to assert the same general legal claim as in the original § 2255 motion.  *See United States v. Craycraft*, 167 F.3d 451, 456–57 (8th Cir. 1999) (holding that an untimely claim of ineffective assistance of counsel for not filing an appeal did not relate back to timely ineffective assistance claims for not pursuing a downward departure, not raising an objection at trial, and not challenging a prior conviction).

This court finds that Reynolds's new claim—i.e., that his appellate counsel, Cooper, was ineffective for failing to present a claim under *Nelson v. Colorado*—has no legal or

factual relationship to his earlier (timely) claim that Cooper was ineffective for raising only one issue on appeal.  Reynolds does not mention *Nelson* in his § 2255 motion when arguing that Cooper should have raised additional issues on appeal.  His new claim therefore seeks to insert a new theory of relief into the case.  Thus, the new claim does not relate back under Rule 15(c) to his timely § 2255 motion.  Because this new claim does not relate back, it is time-barred under § 2255(f)(1).  *See Farris v. United States*, 333 F.3d 1211, 1215–16 (11th Cir. 2003); *Pruitt*, 274 F.3d at 1319.

Even if Reynolds's new claim is not time-barred, it lacks merit and entitles him to no relief for this reason as well.  In *Nelson*, the Supreme Court reversed a state procedure whereby a petitioner whose conviction was reversed or invalidated was required to prove his or her innocence by clear and convincing evidence to obtain a refund of costs, fees, and restitution paid under the invalidated conviction.  *See* 137 S.Ct. at 1255.  Reynolds appears to rely on the statement in *Nelson* that "the presumption of their innocence was restored" after the convictions were erased, *id.*, to extrapolate the proposition that if he was not convicted of the other counts he was tried on, he is necessarily innocent of the firearm-possession charge he was convicted of.  *See* CIV Doc. 8-1 at 4; CIV Doc. 15 at 2.  However, nothing in this apparent argument by Reynolds follows from the holding in *Nelson*.  And because *Nelson* has no application to Reynolds's case, Reynolds's counsel on appeal, Cooper, was not ineffective for raising this issue.  Counsel cannot be ineffective for failing to raise a claim that would fail.  *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

Reynolds may be indirectly suggesting that *Nelson* supports an argument that his acquitted conduct on other charges could not be considered as "relevant conduct" for purposes of the sentencing guidelines and his sentencing on his firearm-possession conviction.  *See* CIV Doc. 8-1 at 4–6.  If this is Reynolds's argument, it is also unavailing.  "Although the court considers relevant conduct and a defendant's history in imposing a penalty for the crime of conviction, the sentence is nonetheless imposed for the crime of conviction; it is not imposed for the relevant conduct."  *Campbell v. United States*, 2019 WL 2544568, at \*4 (N.D. Ga. 2019).  *See United States v. Faust*, 456 F.3d 1342, 1347 (11th Cir. 2006); *see also Hunter v. United States*, 2019 WL 1063394, at \*11 (S.D. Ga. 2019) (rejecting *Nelson*-based claim that a defendant is presumed innocent of relevant conduct and that relevant conduct cannot be used at sentencing absent a conviction for such conduct); *Benton v. United States*, 2018 WL 3043310, at \*2 (E.D. Tex. 2018) ("Movant contends the Supreme Court's holding in *Nelson* prevents the sentencing court from considering relevant conduct in assessing punishment.  This claim lacks merit because *Nelson* does not address the use of relevant conduct in sentencing.  It is well-established that the district court may consider any information which has sufficient indicia of reliability.").

## C.   Information in PSI

Reynolds claims his presentence investigation report ("PSI") contained information that "the prosecution would not produce and was not charged in the indictment that [was] exculpatory."  CIV Doc. 1 at 6.  Reynolds provides no facts or arguments to support this claim.  *See id.*  Consequently, the claim entitles him to no relief.  Moreover, the claim is

procedurally defaulted because Reynolds did not raise this issue on direct appeal. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). Even if Reynolds maintains that his appellate counsel's failure to raise this issue on appeal is "cause" excusing his procedural default, *see, e.g., United States v. Frady*, 456 U.S. 152, 167–68 (1982), the claim still entitles him to no relief, because the conclusory nature of Reynolds's allegations forecloses his ability to demonstrate the claim's merits and, consequently, forecloses his ability to demonstrate that his counsel was ineffective for failing to raise the claim. *See Saunders v. United States*, 278 F. App'x 976, 979 (11th Cir. 2008) (petitioner must allege "reasonably specific, non-conclusory facts with respect to his claim such that there was a reasonable probability sufficient to undermine confidence in the outcome").

## D.  Prosecutorial Misconduct

### 1.  *Prosecutorial Misconduct Claims in § 2255 Motion*

In his § 2255 motion, Reynolds claims the prosecution engaged in misconduct by (a) making false charges, (b) withholding exculpatory evidence, and (c) withholding a witness. CIV Doc. 1 at 5–6. However, Reynolds's § 2255 motion provides no facts or arguments to support these claims. *See id.* In its response to the § 2255 motion, the Government maintains it is "left without any idea as to what [Reynolds] may be referring" and that, given the insufficiency of Reynolds's allegations, the Government "can only state that no evidence, exculpatory or inculpatory, was withheld; no false charges were alleged; and no witnesses were withheld from the defense." CIV Doc. 5 at 12–13. This court agrees that Reynolds's allegations of prosecutorial misconduct here are entirely conclusory. These conclusory allegations cannot show that Reynolds may have any relief. Vague,

conclusory allegations in a § 2255 motion cannot state a basis for relief.  *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

### 2.   *Prosecutorial Misconduct Claims in Amendment*

Reynolds's amendment to his § 2255 motion contains further assertions of prosecutorial misconduct, in particular that (a) the Government "knowingly and willfully" presented perjured testimony to the grand jury; (b) obstructed justice, and (c) coerced a potential defense witness into refusing to testify.  CIV Doc. 8 at 5–8; CIV Docs. 8-2 and 8-4.  As with the previously discussed claim of ineffective assistance of appellate counsel presented by Reynolds in his amendment, the court finds these claims of prosecutorial misconduct in Reynolds's amendment are untimely raised and time-barred.   While Reynolds might try to argue that the claims of prosecutorial misconduct in his amendment are elaborations on the claims of prosecutorial misconduct asserted in his timely § 2255 motion, the prosecutorial misconduct claims in his § 2255 motion are conclusory and cannot reasonably be deemed to have put the Government on notice of the claims in his amendment regarding the alleged presentation of perjured testimony to the grand jury and the alleged coercion of a particular potential witness not to testify on his behalf.[7]  The relation-back rule in Fed.R.Civ.P. 15(c) is not to be construed so broadly as to allow the introduction of new claims for which the Government lacked sufficient notice of the facts and claims giving rise to the proposed amendment.  *United States v. Hicks*, 283 F.3d 380,

---

[7] Reynolds's claim in his amendment that the Government obstructed justice is conclusory and unsupported by any facts.  CIV Doc. 8 at 8.  Thus, it is not possible to make any argument that this claim relates back to a claim presented in the § 2255 motion.

388 (D.C. Cir. 2002); *Anthony v. Cambra,* 236 F.3d 568, 576 (9th Cir. 2000).  Because the prosecutorial misconduct claims in Reynolds's untimely amendment do not relate back to the conclusory prosecutorial misconduct claims in his § 2255 motion, they are time-barred under 28 U.S.C. § 2255(f)(1).  *See Farris*, 333 F.3d at 1215–16; *Pruitt*, 274 F.3d at 1319.

Even if Reynolds's new claims of prosecutorial misconduct are not time-barred, they entitle him to no relief, because they consist of nothing more than bare allegations and speculation unsupported by evidence.  Reynolds fails to show that the Government presented perjured testimony to the grand jury, much less that the Government "knowingly and willfully" presented perjured testimony.  *See* CIV Doc. 8-2.  Reynolds's allegation of obstruction of justice is unsupported by any facts or argument.  *See* CIV Doc. 8 at 8.  And Reynolds's allegation that the Government coerced a potential defense witness into refusing to testify is speculative and unsupported by evidence.  *See* CIV Doc. 8-4.  Reynolds does not even establish that this witness would testify, or be willing to provide favorable testimony, under any circumstances.  "[U]nsupported allegations, conclusory in nature and lacking factual substantiation" are an insufficient basis for relief.  *Tejada*, 941 F.2d at 1559.

For the reasons stated above, Reynolds is entitled to no relief on the prosecutorial misconduct claims in his amendment.

## E.   Indictment "Not Returned in Open Court"

In the amendment to his § 2255 motion, Reynolds asserts that his indictment was invalid because it was "not returned in open court."  CIV Doc. 8 at 6–7; CIV Doc. 8-2 at

2–3; CIV Doc. 8-3.  Reynolds provides no facts to substantiate this claim, and it is not supported by the record.  Consequently, the claim entitles him to no relief.

### III.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Reynolds be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that **on or before July 8, 2020**, the parties may file objections to the Recommendation.   The parties are advised that they must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the Court.   The parties are also advised that Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of June, 2020.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE